## HAMPTON v. HELMS, *Appellant.*

Deed: DESCRIPTION: EXCEPTION. A grantor in a deed conveyed the " west half of section 15, being 320 acres," and in a subsequent clause of the same deed conveyed another tract in section 22, except ten acres, describing the land so excepted by metes and bounds, which exception, according to said metes and bounds, extended into and included a part of the west half of section 15, previously conveyed; *Held*, (1) That whether the deed passed to the grantee the entire west half of section 15 was a question of intention on the part of the grantor to be ascertained from the deed itself, and (2) That all said west half of section 15 passed to the grantee, the exception not reserving to the grantor any part of said section 15 previously conveyed.

*Appeal from Ralls Circuit Court.*—HON. THEODORE BRACE, Judge.

AFFIRMED.

*Reuben F. Roy* for appellant.

The trial court erred in refusing the instruction asked by the defendant. To hold that the excepted tract of ten

acres is limited on the north by the north line of section 22, is to destroy the metes and bounds, and to cut the subject matter in halves, by a line not in the minds of the parties, and the location of which may have been unknown. (1) "If land in a deed is described by metes and bounds, or by other visible objects, they, being specific and exact, will restrain and control all words of general description." Bishop on Cont., p. 214, § 594; *Railroad Co. v. Green*, 68 M>. 177; *Fenwick v. Gill*, 38 Mo. 525; *Evans v. Green*, 21 Mo. 207; *Bradshaw v. Bradbury*, 64 Mo. 334; *Bates v. Bower*, 17 Mo. 550. (2) The fact that the descriptive words mention first the west half of section 15 being 320 acres, and then names the other tracts before describing the excepted tract, should have no weight. The deed in fact conveys only one body of land excepting out of it as first described, a part thereof. 3 Washburn on Real Prop., (3 Ed.) chap. 5, § 4, p. 369, side p. 639; *Bogy v. Shoab*, 13 Mo. 377. (3) The principle that if the instrument defines the land with convenient certainty, any false description may be rejected, is too familiar to need the citation of authorities. (4) The exception in the deed to Hampton left him without title to the land in controversy.

*Thomas H. Bacon* for respondent.

James Hornbeck's deed to respondent conveys to respondent the west half of section 15, in township 56, range 6, in Ralls county, Missouri. This is a description by metes and bounds. *Hartt v. Rector*, 13 Mo. 497, p. 506, top. James Hornbeck's deed to respondent conveys to respondent 320 acres as the west half of section 15, township 56, range 6, in Ralls county, Missouri. The laws of the United States call for 320 acres as a full half section. U. S. Stat. 1796, R. S. 1874, p. 441, § 2395. The absence of a "more or less" qualification doubly expresses the intent to convey a full half section. James Hornbeck's deed to respondent of the west half of section 15, does not except or reserve

therefrom anything whatever. The alleged exception occurs in a subsequent part of the deed, referring to another piece of land, a clause as much detached as if two separate deeds had been made. In case of conflict the first clause must govern. 1 Black. Com., chap. 23, § 6, p. 381. A saving clause repugnant to the body of a deed is void. The reservation in Hornbeck's deed must be construed most strongly against the grantor. *Shine v. Central, etc.,* 70 Mo. 524. Acreage called for in section 22 cannot be carved out of section 15. The excess of acreage must be rejected as inconsistent. *Ware v. Johnson,* 66 Mo. 662; *Campbell v. Johnson,* 44 Mo. 248. John A. Hampton's deed was prior in time, was dated December 25th, 1862, and thereafter the grantor never claimed any part of the west half of section 15.

HENRY, J.—This is an action of ejectment for a parcel of land lying in Ralls county. Both parties claim under James H rnbeck, who by his deed dated December 15th, 1862, recorded December 27th, 1862 conveyed to plaintiff the following land: Forty-seven and one-half acres, the south end of the west half of the southwest quarter of section 10; also the southeast quarter of section 9, except twenty acres off east side of north half of the east half of said quarter, being 140 acres; also the west half of section 15, being 320 acres; also the east half of the southeast quarter of section 16, being eighty acres; also the south half of the west half of the same quarter, being forty acres; also that part of the northeast quarter of section 21, lying north of Hannibal, Ralls County & Paris Plank Road, supposed to be 140 acres; also all north of said road, lying in the northwest quarter of section 22, except ten acres off the east side, to commence at the plank road at the east side, running west one hundred yards along said road, thence north a distance sufficient to make ten acres, thence east one hundred yards, thence south to the place of beginning, the balance supposed to be seventy acres more

or less.   Also, the north quarter of the southeast quarter of section 15, being forty acres ; also the north quarter of the west half of the southwest quarter of section 14; all in township 56 north, in range 6 west, in all 897½ acres.

It appears that the ten acres excepted, ascertaining it by the metes and bounds, lies partly in section 22, and partly in section 15, and after the death of Jas. Hornbeck, was sold by his administrator and conveyed to defendant as "ten acres off the east side of that part of the northeast quarter of section 22, township 56, range 6, west, to commence," etc., following the description of the ten acre tract in the deed from Hornbeck to plaintiff.   Plaintiff immediately after his purchase took possession of the west half of section 15 (320 acres), including that portion of the ten acre tract in dispute.   Hornbeck never after his deed to plaintiff laid claim to any part of the west half of section 15. It was all enclosed and continued in plaintiff's possession until defendant entered upon it.   The whole controversy turns upon the construction of Hornbeck's deed to plaintiff.   He conveyed to plaintiff the west half of section 15, 320 acres having in the same deed embraced other tracts, some described before and some after the tract in question, after which the exception in the conveyance is made of "all north of said road (Hannibal, Ralls County & Paris Plank Road) lying in the northwest quarter of section 22, except ten acres off of the east side, etc., the balance supposed to be seventy acres."   Evidently the grantor supposed he had eighty acres in the northwest quarter of section 22, north of the plank road, and that 70 acres remained in the quarter after deducting the excepted ten acres.   We gather this from the face of the deed, and the question is, shall it be construed to diminish the quantity expressly granted in the west half of section 15.   We think not, and it strengthens our view that Hornbeck himself never claimed to own any part of the west half of section 15 after his deed to plaintiff, but on the contrary, pointed out the section line as his division line.   The conveyance of

the west half of section 15 is a description of the land by metes and bounds. This was so held in *Hartt v. Rector*, 13 Mo. 506, and the court observed : " A principle meridian line is laid down, then townships and ranges, so that a person of ordinary capacity can designate the tracts and point out the lands and the various sub-divisions ; and he knows just as well what specific tract or parcel of land is pointed out by the description of the southeast fractional quarter of section 35, township 49, range 17 west, south of the Missouri river, as if the external lines and corners thereof had been run and marked and platted down by the surveyor."

The proposition that a description by metes and bounds will control words of general description is not questioned, but here is a conveyance by metes and bounds of the west half of section 15, and an exception in a conveyance of another tract of ten acres described by metes and bounds which included a portion of the other tract, described by metes and bounds, and the question is one of the intention of the grantor to be ascertained from the deed itself. The exception is repugnant to the prior grant of the entire west half of section 15, and to the number of acres, 320, specified as the quantity conveyed. The excepted ten acres are expressly stated to be in section 22, and to be part of a tract north of the road supposed to contain eighty acres. The grantor was not certain as to the amount, and there is nothing on the face of the deed to warrant the inference that he intended to except from the conveyance of the west half of section 15 any part of the 320 acres it contained. Such was the construction placed upon the deed by the court below, and it did not err in refusing the following declaration of law asked by defendant : The court, sitting as a jury, declares the law to be that although the piece of land excepted from the conveyance in the deed from Hornbeck to Hampton, is stated in said deed to be in section twenty-two ; yet, if said tract, as further described in said deed as follows, to commence at the plank road at the east side, running west one hundred yards along said road, thence

north a distance sufficient to make ten acres, thence east one hundred yards, thence south to the beginning, cannot be located in section twenty-two, so as to cover the amount of ten acres, but that said ten acres would extend far enough north into section fifteen to include the land in controversy, then the verdict should be for the defendant.

All concuring, the judgment in favor of plaintiff is affirmed.